Keith D. Karnes, Oregon State Bar ID No. 03352
kkarnes@olsendaines.com
Olsen, Olsen & Daines, LLC
1599 State St.
P.O. Box 12829
Salem, OR  97309-0829
Telephone (503) 362-9393
Fax (503) 362-1375

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| EDWARD T. MONKS, | Case No. |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT |
| RAY KLEIN, INC. dba PROFESSIONAL CREDIT SERVICE; BUZ MATTSON & ASSOCIATES, PC; and FLOYD C. MATTSON | JURY REQUESTED |
| Defendants. | |

JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. §1692k(d).

2. This action arises out of defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred here, plaintiff resides here, and defendants transact business here.

PARTIES

4. Plaintiff Edward Monks is a natural person who resides in Eugene, Oregon, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Ray Klein, Inc. dba Professional Credit Service ("PCS") is a debt collector as defined by 15 U.S.C. § 1692a(6).

6. Defendant Buz Mattson & Associates PC ("the law firm") is a debt collector as defined by 15 U.S.C. § 1692a(6). The law firm represents PCS and collects consumer debts on behalf of PCS.

7. Defendant Floyd C. Mattson ("Mattson") is a debt collector as defined by 15 U.S.C. § 1692a(6). Mattson is an attorney at the law firm. Mattson represents PCS and collects consumer debts on behalf of PCS.

FACTUAL ALLEGATIONS

8. Plaintiff employed United Garibay Heating ("UGH") to repair the furnace of his home that he uses for personal use.

9. Plaintiff did not believe that UGH performed the agreed work, so plaintiff withheld payment.

10. The UGH assigned the right to collect from plaintiff to PCS.

11. PCS alleged that plaintiff was in default to his obligation to the UGH when it began to collect from plaintiff.

12. PCS filed a small claims action against plaintiff in Lane County Circuit Court.

13. PCS prevailed on the small claims action against plaintiff.

14. On or about September 5, 2007 a judgment was entered against plaintiff in favor of

PCS.

15. Plaintiff paid the judgment in full on September 6, 2007.

16. Despite the fact that the judgment was paid in full, defendants issued a garnishment on plaintiff's accounts held at Oregon Community Credit Union.

17. Upon receipt of the garnishment plaintiff telephoned the law firm and informed its employees, among other things, that the judgment was paid in full and that that was a matter of public record. Plaintiff repeatedly and unsuccessfully requested to speak to defendant's attorney who had signed the Certification on the garnishment.

18. The law firm directed plaintiff to communicate with PCS.

19. The law firm and Mattson failed to take any steps to stop the garnishment of the judgment that plaintiff had previously paid.

20. Plaintiff telephoned PCS and left several phone messages informing it, among other things, of the fact that it was attempting to collect on a previously paid judgment, which payment was a matter of public record.

21. PCS failed to take any steps to stop the garnishment.

22. On or about December 14, 2007 Mattson refunded the funds that he garnished on behalf of PCS.

23. Each defendant has failed to file a satisfaction of judgment in Lane County.

24. As a direct and proximate result of defendants' actions plaintiff has suffered actual damages in the form of an impaired credit rating, loss of use of his time and money, emotional distress, anger, frustration, among other negative emotions.

## TRIAL BY JURY

25.     Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 *et seq*.

26.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

27.     The foregoing acts and omissions of defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. § 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

28.     As a result of defendants' violations of the FDCPA, plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from each defendant; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that judgment be entered against defendants for:

A.     Compensatory damages;

B.     Statutory damages;

C.     Attorney fees and costs pursuant to 15 U.S.C. § 1692k; and

    D.    Such other relief the Court deems proper.

DATED October 23, 2008.      Olsen, Olsen & Daines, LLC

/s/ Keith D. Karnes
Keith D. Karnes, OSB # 03352
503-362-9393
Attorney for Plaintiff Edward Monks

Page 5- COMPLAINT